## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY L. RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-06-0334-HE |
| | ) | |
| BOB MCGILL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff Randy L. Ray filed this § 1983 action *pro se* against the Jackson County

district attorney's office, its district attorney, John Wampler, and two assistant district

attorneys, Matthew Salter and Stephen Booker; an employee of the Jackson County probation

and parole office, Rachel Noyola; the Altus Police Department and one of its detectives, Bob

McGill;[1] the Oklahoma Attorney General's office; the Sex Offender Registry Office

("Registry");[2] and the Oklahoma Department of Corrections ("DOC"), alleging federal and

state law claims.[3]  He seeks both compensatory and punitive damages.

---

[1]*The plaintiff did not specify the capacity in which the individual defendants have been sued, but as he has, with respect to most of them, sued their employing agency, the court has assumed they have been sued in their individual capacities.*

[2]*The court has treated the Registry as a separate agency, although it appears to be a part of the DOC.*

[3]*Although the plaintiff asserts that he is bringing this action pursuant to the Privacy Act, 5 U.S.C. § 552a, it is inapplicable as it pertains to federal, not state, agencies. See* <u>*Christensen v. United States  Dep't of Interior*</u>*, 2004 WL 2106560, at \*2 (10th Cir. Sept. 22, 2004) ("The Privacy Act bars a federal agency ....").* <u>*Christensen*</u> *and the other unpublished decisions cited in this order are cited for persuasive value only under 10th Cir. R. 36.3(B).*

As set out in his complaint, plaintiff Ray alleges he was convicted in federal court of violating 18 U.S.C. § 2252(a)(3)(B).  He alleges he was advised by the sentencing judge and his appointed counsel that if his federal crime was comparable to a crime listed on Oklahoma's Sex Offenders Registration Act, 57 Okla. Stat. §§ 581-590, then he would be required to register for five years after his release from federal prison.  When he was released, Detective McGill of the Altus Police Department allegedly informed the plaintiff that he was required to register for a five year period, but asked him to sign a ten year DOC registration form.  When the plaintiff protested, McGill said it was the only form he had. McGill allegedly told him, however, that they both knew that because the plaintiff was a federal offender he was only required to register for five years. With that understanding, the plaintiff signed the form, registering on July 26, 1999.  A month later the registration requirement for federal offenders was changed to ten years.

The complaint alleges that five years later, around July 26, 2004, the plaintiff was moving in with a friend on Cypress Street in Altus.  The plaintiff had allegedly informed McGill earlier that year that he would be staying with friends on Scott or Cypress Street as he was out of work and without money.  McGill had told him those addresses were too close to public schools and that, under a new law that was in effect, he would have to move.  The plaintiff told McGill he would try to find a suitable address and would inform him when he had.  A short time later the plaintiff's five year registration period was over.  The plaintiff had been unable to find another place to live that complied with the statute, but assumed it no longer was a problem due to the expiration of the registration period.

The complaint further alleges that on August 25, 2004, McGill had an arrest warrant issued for the plaintiff based on his failure to register. The detective allegedly claimed the plaintiff was required to register for ten years and did not remember his conversation with the plaintiff when he initially registered in 1999. The failure to register charge was prosecuted by defendants Booker and Salter, who argued that the change in law, making the registration period ten years, rather than five, was retroactive. The plaintiff was given a five year suspended sentence in late 2005. The plaintiff's public defender allegedly told the plaintiff he should not appeal, as she was afraid that the district attorney's office might try to increase his sentence if the case was remanded.

In his first cause of action the plaintiff asserts a false arrest claim against defendant McGill, and malicious prosecution and conspiracy claims against defendants McGill, Wampler, Booker and Salter. Essentially he alleges these defendants maliciously prosecuted him and engaged in a conspiracy to prosecute him by charging him with failing to register on the basis of an inapplicable state statute. He alleges that Ms. Noyola and the state agencies joined the conspiracy by failing to verify that the correct state statute was being used to determine whether the plaintiff was required to register under Oklahoma law. The alleged conspirators include Detective McGill, the Altus police department, the Jackson County district attorney's office and its probation and parole office,[4] the Registry, Noyola, Wampler, Salter, and Booker.

---

[4]*While the plaintiff refers to the Jackson County probation and parole office in the complaint, that agency has not been sued.*

The plaintiff alleges in his second cause of action that the Jackson County district attorney's office, the county probation and parole office, the Attorney General's office, the DOC, the Registry, and the Altus police department owed a duty of care that was breached by their negligent hiring, training and supervising of the individual defendants. In his third cause of action he asserts a negligent hiring, training, and supervision of personnel claim against the DOC. It is based on defendant Noyola's alleged violation of 5 U.S.C. § 552(a) by her use of incorrect and inaccurate information in the plaintiff's PSI.

In his final cause of action the plaintiff alleges that he has been denied due process and that his Fifth, Sixth, and Eighth Amendment rights have been violated.[5] He also asserts that 57 Okla. Stat. § 583(D) is unconstitutionally vague.[6]

The plaintiff's claims are based principally on his argument that he did not have to register as a sex offender because registration is not required for persons convicted under the state statutes that are comparable to his federal offense.[7] He also asserts that, at the time of his arrest, the five year registration period was over.

All of the defendants have filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

---

[5]*As the plaintiff fails to allege any facts to support his Fifth, Sixth and Eighth Amendment claims, or otherwise specify the bases for them, they are dismissed. Fed.R.Civ.P. 12(b)(6).*

[6]*The plaintiff's vagueness challenge to the statute appears to be the basis for his due process claim.*

[7]*The plaintiff asserts that the equivalent state offenses for his federal conviction are 21 Okla. Stat. §§ 1024.2 and 1040.13, not 21 Okla. Stat. § 1021.2. Although unnecessary for the court to decide at this time, it appears that § 1021.2 was the statute most comparable to 18 U.S.C. § 2252(a)(3)(B).*

and/or (6).[8]

### State entity defendants

Defendants the Jackson County District Attorney's Office, the Oklahoma Attorney

General's Office, the Oklahoma Sex Offender Registry Office and the DOC seek dismissal

of the claims against them on the basis of lack of subject matter jurisdiction, arguing they are

immune from suit under the Eleventh Amendment. Whether a defendant is immune from suit

under the Eleventh Amendment is a question which goes to the court's subject matter

jurisdiction. Thompson v. Colorado, 278 F.3d 1020, 1023-24 (10 Cir. 2001). In general, the

Eleventh Amendment bars suits against a state unless it has waived its immunity or consented

to suit, or if Congress has validly abrogated the state's immunity. Lujan v. Regents of Univ.

of Cal., 69 F.3d 1511, 1522 (10th Cir. 1995); Eastwood v. Dep't of Corrections, 846 F.2d

627, 631 (10th Cir. 1988) ) (Eleventh Amendment prohibits suits in federal court against a

state by its own citizens or by citizens of another state). Here, plaintiff alleges nothing which

would provide a basis for concluding that these defendants waived their immunity or that

Congress has abrogated it. The state entity defendants are arms of the state for purposes of

---

[8]*Dismissal under Rule 12(b)(6) is appropriate "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.'" Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1240 (10th Cir. 2003) (quoting McDonald v. Kinder-Morgan, Inc., 287 F.3d 992, 997 (10th Cir. 2002)). In evaluating the complaint, the court has accepted all well-pleaded factual allegations as true and has construed those allegations and any reasonable inferences that might be drawn from them in the light most favorable to the plaintiff. See id.*

sovereign immunity.[9]  Accordingly, as the claims against these defendants are precluded by

Eleventh Amendment immunity, the court lacks subject matter jurisdiction to entertain them.

They must therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

The prosecutor defendants and defendant Noyola

As all of the allegations as to defendants Wampler, Salter and Booker relate to actions

allegedly taken by them in the course of their duties as prosecutors, they are entitled to

absolute prosecutorial immunity from suit.[10]  Hunt, 17 F.3d at 1267 ("'acts undertaken by a

prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur

in the course of his role as an advocate for the State, are entitled to the protections of absolute

immunity'") (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

As for Ms. Noyola, to the extent the plaintiff has alleged she is a conspirator, the

conclusory allegations of the complaint are insufficient.  The plaintiff has not pled specific

facts tending to show agreement and concerted action among the alleged coconspirators.[11]

The other claim asserted against Ms. Noyola is for negligence.  She is immune from tort

liability for any negligent conduct because the Oklahoma Governmental Tort Claims Act

relieves a government employee of liability for tortious conduct that occurs within the scope

---

[9] *See 19 Okla. Stat. §§ 215.1; 215.30; 57 Okla. Stat. §§ 581-84;  Eastwood\ v. Dep't of Corrections, 846 F.2d 627, 631-32 (10th Cir. 1988).*

[10]*The inadequacy of the plaintiff's conspiracy allegations as to these defendants eliminates the need for the court to determine whether "a prosecutor who conspires with non-immune parties forfeits his immunity." Hunt, 17 F.3d at 1268.*

[11]*The plaintiff stated in his response that he was not suing Ms. Noyola under § 1983. Plaintiff's response, p. 3.*

of her employment. *See* 51 Okla. Stat. §163(C); <u>Nail v. City of Henryetta</u>, 911 P.2d 914, 916-18 (Okla. 1996) (mere negligence is not enough to displace the statutory immunity).[12] Accordingly, the claims against the prosecutors and Ms. Noyola must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Detective McGill and Altus Police Department

Detective McGill and the Altus Police Department assert in their motion that the police department is not a suable entity under § 1983 or state tort law, and that the plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Detective McGill also claims, without discussion, that he is entitled to qualified immunity.[13]

The motion to dismiss filed by the Altus Police Department will be granted. The police department may not be sued under §1983 or state law because it lacks legal identity apart from the municipality (the City of Altus). *See* <u>Ketchum v. Albuquerque Police Dep't.</u>, 958 F.2d 381, 1992 WL 51481, at * 3-4 (10th Cir. March 12, 1992). *See* 11 Okla. Stat. § 22-101.

As to defendant McGill, the motion is granted in part and otherwise deferred. The detective is not entitled to dismissal from the action at this time on the basis of qualified

---

[12]*The defendants' motion includes additional grounds for dismissal that the court finds unnecessary to address.*

[13]*In his reply brief the detective asserts a statute of limitations defense. The court has considered the defense, even though it was inappropriately raised for the first time in a reply. While the two year limitations period for § 1983 claims might bar any claim based solely on conduct that occurred when the plaintiff initially registered, his claims are premised mainly on actions taken by Detective McGill beginning in August, 2004.*

immunity, due to his failure to do more than mention the defense: "[A]s a precautionary measure, Defendant McGill raises his defense of qualified immunity." Defendants' motion, p. 3.[14] The conspiracy claim against him is, however, subject to dismissal as the conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim. Hunt, 17 F.3d at 1266 ("'Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'") (quoting Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989)).

The plaintiff's other § 1983 claims against the detective may be barred under Heck because they necessarily imply the invalidity of his conviction for failure to register.[15] However, a question exists as to whether Heck applies. Initially, the court must determine whether the defendant, who was given a five year suspended sentence, is "in custody" for purposes of Heck. If he is not, the court then must decide if Heck applies to a defendant who is not "in custody" for the offense. *See* Jiron v. City of Lakewood, 392 F.3d 410, 413 n.1 (10th Cir. 2004). The court will reserve its ruling pending the submission by the parties of supplemental briefs discussing these questions.

Accordingly, the motion to dismiss filed by defendants Jackson County district

---

[14]*Detective McGill is not, however, precluded from raising the defense subsequently.*

[15]*In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87.*

attorney's office, Oklahoma Attorney General's office, Sex Offender Registry Office,

Oklahoma Department of Corrections, John Wampler, Matthew Salter, Stephen Booker and

Rachel Noyola [Doc. #28] is **GRANTED**.   The motion to dismiss filed by defendants

McGill and the Altus Police Department [Doc. # 26] is **GRANTED** with respect to the Altus

Police Department and with respect to the plaintiff's conspiracy claim against defendant

McGill.  A ruling is **DEFERRED** as to the remaining claims asserted against defendant

McGill under § 1983 for false arrest, malicious prosecution, and violation of due process,

pending the receipt of supplemental briefs, which are due on or before **August 10, 2006**.

    **IT IS SO ORDERED**.

    Dated this 26th day of July, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE