**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDY L. RAY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-06-0334-HE |
| ) | |
| BOB MCGILL, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff Randy L. Ray filed this § 1983 action *pro se* against numerous entities and individuals, asserting federal and state law claims arising out of his arrest and conviction for violating the Oklahoma Sex Offender Registration Act.  The defendants filed motions to dismiss and all claims have been dismissed except for the plaintiff's § 1983 false arrest, malicious prosecution and due process claims against Bob McGill, a detective with the Altus Police Department.  In his motion the detective argues that the plaintiff's § 1983 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

The court concluded in its July 26, 2006, Order that because the plaintiff's claims necessarily imply the invalidity of his conviction for failure to register, those claims would be barred if Heck applies.  The parties were directed to brief the issue of whether the plaintiff, who was given a five year suspended sentence, is "in custody" for purposes of Heck.  Both parties have submitted supplemental briefs, the plaintiff contending that he is not in custody because he received a suspended sentence.[1]

---

[1] The plaintiff's motion for a two day extension of time to file his supplemental brief [Doc.#  39] is **GRANTED.**

In Heck, the Supreme Court addressed the issue of when a prisoner may assert a §1983 claim relating to his conviction or sentence. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. However, when a plaintiff is no longer "in custody" for an offense, "[he] has no vehicle, such as a petition for a writ of habeas corpus," available to challenge the underlying conviction. Jiron v. City of Lakewood, 392 F.3d 410, 413 n.1 (10th Cir. 2004).[2] Because a question exists as to whether Heck applies when a plaintiff is not in custody, *id.,* the court must determine the plaintiff's status.

Courts generally are in agreement that a plaintiff whose sentence is suspended, but has not yet run or expired, satisfies the "in custody" requirement for habeas corpus relief. *See e.g.* Frank v. United States, 914 F.2d 828, 829 n.1 (7th Cir. 1990); Sammons v. G.H. Rodgers, 785 F.2d 1343, 1345( 5th Cir. 1986); United States v. Hopkins, 517 F.2d 420, 423-24 (3d Cir. 1975).[3]

---

[2]The Tenth Circuit noted in Jiron, that "[f]ive Justices of the Supreme Court have now concluded that Heck does not apply when a plaintiff is not in custody." Jiron, 392 F.3d at 413 n.1.

[3]Generally, the courts have required that in order for a suspended sentence to satisfy the "in custody" requirement for purposes of seeking habeas corpus relief in federal court, the sentence must "carry with it possible revocation of suspension or other adverse action," Sammons, 785 F.2d at 1345, or impose conditions of probation. Frank, 914 F.2d at 829 n.1 ("One who is under the custody of a parole board is in custody because the effects of parole significantly restrain one's liberty."). The plaintiff's judgment and sentence imposed a fine

Therefore, because the plaintiff is "in custody" for purposes of seeking habeas corpus relief, Heck bars his § 1983 claims at this time against defendant McGill.[4]

Accordingly, defendant McGill's motion [Doc. # 26] is **GRANTED** with respect to the plaintiff's remaining claims asserted against him. The plaintiff's § 1983 claims for false arrest, malicious prosecution and violation of due process are dismissed without prejudice.[5]

**IT IS SO ORDERED**.

Dated this 17th day of Auguat, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

and court costs and placed him on probation with a two year period of supervision. Failure to pay the fine and court costs or comply with the conditions of his probation could result in the revocation of the plaintiff's probation. Defendant's Exhibit 3. See generally Barrett v. Rumsfeld, 2005 WL 3196750, at * 2 n.1 (10th Cir. Nov. 30, 2005) ("district court may review indisputably authentic copies of documents referred to in the complaint that are central to a plaintiff's claim without converting the motion to one for summary judgment"). Barrett is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).

[4]With respect to any federal habeas petition that is filed, the court notes that the Antiterrorism and Effective Death Penalty Act of 1996 created a one-year limitation period for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). The record does not reflect whether the exhaustion of state court remedies generally required has occurred. See 28 U.S.C. § 2254(b)(1)(A). The plaintiff indicates only that he is time-barred from filing a direct appeal in state court. Plaintiff's supplemental brief, p. 1.

[5]As the court has concluded that Heck bars the plaintiff's claims, it has not addressed the defendant's alternative argument that the plaintiff cannot prevail on his false arrest and malicious prosecution claims because probable cause existed for his arrest.